UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, et al.,

Defendants.

Civil Action No. 26-2075 (RDM)

**ANSWER**

Defendants Federal Bureau of Investigation ("FBI") and United States Department of Justice ("DOJ," and together with the FBI, "Defendants"), hereby respond to Plaintiff's Complaint alleging violations of the Freedom of Information Act ("FOIA") (Dkt. 1).

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants respond to the Complaint in like lettered, numbered, and unnumbered paragraphs as follows:

The introductory paragraph purports to characterize nature of this action, to which no response is required. To the extent a response is required, Defendants admit that this case arises under FOIA but deny any violation of that statute.

**JURISDICTION AND VENUE**[1]

1.      This paragraph consists of conclusions of law regarding jurisdiction to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction subject to the terms, conditions, and limitations of FOIA.

2.      This paragraph consists of conclusions of law regarding venue to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this judicial district for a properly stated FOIA claim.

**PARTIES**

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.      Defendant FBI denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1) but admits that the FBI is a component of the Department of Justice and is subject to the requirements of the FOIA.  Defendant FBI admits that the FBI is headquartered in Washington, D.C.  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.

5.      Defendant DOJ admits that it is an agency within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., and that the Office of the Inspector General is a component of the Department.  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.

---

[1]      For ease of reference only, Defendants' Answer replicates the headings contained in the Complaint.  Although no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

**FACTS**

6.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim under FOIA to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim under FOIA to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8.      The allegations in the first sentence of this paragraph pertain to Plaintiff's alleged motivation for filing FOIA requests and thus do not set forth claims of relief or aver facts in support of a claim under FOIA to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  The remaining allegations assert conclusions of law to which no response is required.

*OIG Complaints Request (26-OIG-184)*

9.      DOJ admits that it received from Plaintiff a FOIA request dated March 3, 2026. DOJ respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

10.      The allegations in this paragraph purport to characterize the contents of its FOIA request.  DOJ respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

11.      DOJ admits that it acknowledged Plaintiff's FOIA/PA request and assigned OIG control number 26-OIG-184 to the request.  DOJ respectfully refers the Court to DOJ's acknowledgement for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

12.     DOJ admits only that it did not provide a determination to the FOIA/PA request as of the date of Plaintiff's June 12, 2026, Complaint.  DOJ avers that it provided Plaintiff a status update dated June 24, 2026.

*FBI Scheduler Communications Request (1725173-000)*

13.     Defendant FBI admits that the FBI received a FOIA request from Plaintiff dated on or about March 3, 2026.  Defendant FBI respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14.     Defendant FBI respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

15.     Defendant FBI admits that the FBI sent a letter to Plaintiff dated March 6, 2026, acknowledging receipt of Plaintiff's FOIA request and assigning it FOIPA Request No. 1725173-000.  Defendant FBI respectfully refers the Court to the cited letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

16.     Defendant FBI admits that via letter dated March 16, 2026, the FBI informed Plaintiff that Plaintiff's request had been administratively closed, and that a copy of that letter is attached as Exhibit 1 to the Complaint. Defendant FBI respectfully refers the Court to the cited letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17.     Defendant FBI admits that Plaintiff submitted an administrative appeal of the FBI's March 16, 2026, letter to the Department of Justice's Office of Information Policy ("OIP") on May 12, 2026, and that a copy of Plaintiff's administrative appeal is attached as Exhibit 2 to the Complaint. Defendant FBI respectfully refers the Court to the cited appeal for a complete and

accurate statement of the assertions set forth in that appeal.   Defendants deny the substance of the appeal.

18.     Defendants admit that OIP sent a letter to Plaintiff dated May 12, 2026, acknowledging receipt of Plaintiff's appeal and assigning it tracking number A-2026-01399. Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.   Defendants admit that a determination on the appeal had not issued as of the filing date of this action.

*Calendars and Security Communications Request (1734651-000 & 1733967-000)*

19.     Defendant FBI admits that the FBI received a FOIA request from Plaintiff dated on or about April 21, 2026,.   Defendant FBI respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

20.     Defendant FBI respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

21.     Defendant FBI admits that the FBI sent a letter to Plaintiff on April 27, 2026, acknowledging receipt of Plaintiff's FOIA request and assigning the portion seeking calendar entries FOIPA Request No. 1733967-000. Defendant FBI avers that the FBI sent an additional letter to Plaintiff dated May 1, 2026, acknowledging receipt of Plaintiff's FOIA request and assigning the portion seeking vacation day usage FOIPA Request No. 1734651-000. Defendant FBI respectfully refers the Court to the cited letters for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant FBI further avers that the FBI sent Plaintiff two letters on May 5, 2026, notifying the Plaintiff of "unusual circumstances" that applied to FOIPA Request Nos. 1733967-000 and 1734651-000.  Defendant FBI respectfully

refers the Court to the cited letters for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

22. Defendant FBI admits that, as of the date of the Complaint, it had not released responsive records or issued a final determination in response to FOIPA Request Nos. 1733967-000 and 1734651-000.

*Key Terms Communication Request (1733958-000)*

23. Defendant FBI admits that the FBI received a FOIA request from Plaintiff dated on or about April 21, 2026. Defendant FBI respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

24. Defendant FBI respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

25. Defendant FBI avers that the FBI sent a letter to Plaintiff on April 27, 2026, acknowledging receipt of Plaintiff's FOIA request and assigning it FOIPA Request No. 1733958-000. Defendant FBI respectfully refers the Court to the cited letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant FBI avers that the FBI sent Plaintiff a letter on May 5, 2026, notifying the Plaintiff of "unusual circumstances" that applied to FOIPA Request No. 1733958-000.

26. Defendant FBI admits that, as of the date of the Complaint, it had not released responsive records or issued a final determination in response to FOIPA Request No. 1733958-000.

*Breaching Equipment Request (1733981-000)*

27.     Defendant FBI admits that the FBI received a FOIA request from Plaintiff dated on or about April 21, 2026, which speaks for itself and is the best evidence of its contents.   Defendant FBI respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

28.     Defendant FBI respectfully refers the Court to the cited FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

29.     Defendant FBI avers that the FBI sent a letter to Plaintiff on April 27, 2026, acknowledging receipt of Plaintiff's FOIA request and assigning it FOIPA Request No. 1733981-000.  Defendant FBI respectfully refers the Court to the cited letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant FBI avers that the FBI sent Plaintiff a letter on May 5, 2026, notifying the Plaintiff of "unusual circumstances" that applied to FOIPA Request No. 1733981-000.

30.     Defendant FBI admits that, as of the date of the Complaint, it had not released responsive records or issued a final determination in response to FOIPA Request No. 1733981-000.

*Request for Expedited Processing*

31.     Defendant FBI admits that the FBI received a letter from Plaintiff requesting expedited processing of their requests dated on or about May 6, 2026,  and that a copy of that letter is attached as Exhibit 3 to the Complaint.  Defendant FBI respectfully refers the Court to the cited letter for a complete and accurate statement of the assertions set forth in that request.  Defendants deny the substance of that request.

32.     Defendant FBI admits that the FBI sent Plaintiff two letters on May 15, 2026, denying Plaintiff's request for expedited processing for FOIPA Request Nos. 1733967-000 and 1734651-000.  Defendant FBI respectfully refers the Court to the cited letters for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

33.     Defendant FBI admits that the FBI sent Plaintiff two letters on May 19, 2026, denying Plaintiff's request for expedited processing for FOIPA Request Nos. 1733958-000 and 1733981-000.  Defendant FBI respectfully refers the Court to the cited letters for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

34.     Defendant FBI admits that Plaintiff submitted an administrative appeal of the FBI's denials of expedited processing to OIP via a letter dated May 22, 2026, and that a copy of that letter is attached as Exhibit 4 to the Complaint.  Defendant FBI respectfully refers the Court to the cited appeal for a complete and accurate statement of the assertions made in the appeal. Defendants deny the substance of the appeal.

35.     Defendants admit that OIP sent a letter to Plaintiff dated May 22, 2026, acknowledging receipt of Plaintiff's appeal and assigning it tracking numbers A-2026-01496, A-2026-01497, A-2026-01498, and A-2026-10499.  Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

36.     Defendants admit that OIP denied Plaintiff's appeal via a letter dated May 28, 2026. Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

*Exhaustion of Administrative Remedies*

37.     This paragraph consists of conclusions of law to which no response is required.

8

## CLAIM FOR RELIEF
### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

38.    Defendants incorporate their responses contained in the paragraphs above as if fully set forth herein.

39.    This paragraph consists of conclusions of law to which no response is required.

### Count 2 (Violation of FOIA, Failure to Grant Expedited Processing, 5 U.S.C. § 552, 28 C.F.R. § 16.5(e)(1)(iv)), 28 C.F.R. § 16.5(e)(1)(ii))

40.    Defendants incorporate their responses contained in the paragraphs above as if fully set forth herein.

41.    This paragraph consists of conclusions of law to which no response is required.

42.    This paragraph consists of conclusions of law to which no response is required.

## REQUEST FOR RELIEF

The remainder of Plaintiff's Complaint consists of Plaintiff's requests for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

In further response to the Complaint, Defendants assert the following defenses.  Defendants reserve the right to amend, alter, or supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**SECOND DEFENSE**

The FOIA requests are not valid requests to the extent they do not reasonably describe the records sought or would be unduly burdensome to process.

**THIRD DEFENSE**

Plaintiff is not eligible nor entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

**FIFTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480,

at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: July 30, 2026                              Respectfully submitted,

                                                  JEANINE FERRIS PIRRO
                                                  United States Attorney

                                                  By:        /s/ Dimitar P. Georgiev
                                                        DIMITAR P. GEORGIEV, D.C. Bar #1735756
                                                        Assistant United States Attorney
                                                        601 D Street, NW
                                                        Washington, DC 20530
                                                        (202) 252 - 7678

                                                  *Attorneys for the United States of America*

11